## JOHN H. MARTIN

### v.

## ALLEN D. JOHNSON.

| 89  537 |
| 34a 111 |
| 89  537 |
| 159 552 |
| 89  537 |
| 59a 303 |
| 89  537 |
| 78a 569 |
| 89  537 |
| 84a 152 |

1. INSTRUCTION—*must restrict jury to the evidence.* An instruction which does not restrict the jury to the evidence in the case, is improper. Therefore, an instruction, in an action of ·trespass for an assault and battery, that the jury are the sole judges of the amount of damages which the plaintiff should recover, without stating that the damages should be estimated from the evidence, is erroneous.

2. SAME—*should not embody facts on one side.* Where a part of the facts of a case are prominently brought before the jury in an instruction, it will be erroneous, as calculated to mislead or prejudice the jury. The office of an instruction is not an argument of facts, but its sole object is to inform the jury of the law of the case arising from the testimony.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. CHARLES BLANCHARD, for the appellant.

Mr. A. W. HAND, and Mr. E. F. BULL, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, to recover damages for an assault and battery. To the declaration the defendant pleaded the general issue and *son assault demesne.* Plaintiff replied to the second plea, 1st, *de injuria;* 2d, new assignment. To the new assignment defendant pleaded not guilty, and the issues were submitted to a jury. After the testimony had been introduced, and the jury were about to retire to consider of their verdict, plaintiff withdrew the new assignment, and defendant entered a motion to discharge the jury, on the ground that, in legal effect, the suit was dismissed by the withdrawal of the new assignment. The court overruled the motion, and defendant excepted to the decision.

The judgment recovered by the plaintiff in this case will have to be reversed, on account of erroneous instructions, and when the cause goes back for another trial, as the parties will have the right to make such amendment of the pleadings as may be thought desirable, and as the facts may warrant, it will be of no practical importance to decide the question of pleading presented.

By the fifth instruction, given for the plaintiff, the jury were instructed that they were the sole judges of the amount of damages which the plaintiff should recover, without being told that the damages should be estimated from the evidence introduced on the trial. It was the province of the jury to determine the damages plaintiff should recover, if any, but these damages should be determined from the evidence, and from that alone; and an instruction which did not restrict the jury

to the evidence, was improper.   *City of Freeport* v. *Isbell,* 83
Ill. 440.

The eighth instruction, given for the plaintiff, was as fol-
lows :

"The jury are further instructed, on part of the plaintiff,
that if they find, from the evidence, the facts in this case to be
as follows, that is to say : That on the 11th day of May, 1875,
the defendant came to the office where the plaintiff and wit-
ness Case were playing a game of checkers; that the defendant
interfered and meddled with the game ; that plaintiff, while
sitting in his chair and having made no advances towards the
defendant, said, in substance, that it was not fair for defendant
to interfere with the game, and that he wished that he would
attend to his own business, and that defendant, in reply to
this, stated that there had been enough of this, and advanced
towards the plaintiff and assaulted him ; that defendant, in
making such assault, came against the plaintiff, and in the
melee they both fell to the floor, the defendant being on top ;
that in order to avoid a blow from the defendant, or to pre-
vent being injured by him in the fall, the plaintiff put out his
hand to ward off an anticipated injury, but did not strike or
attempt to strike at the defendant ; that the defendant, under
such circumstances, caught the plaintiff's finger in his mouth
and bit the same, and thereby caused an injury to the plaintiff,
there being no attempt on the part of the plaintiff to assault
the defendant ; — then, in such case, defendant can not justify
the assault upon the plaintiff on the ground that it was made
in apparent necessary self-defense."

This mode of instructing juries has often been condemned.
*Hatch* v. *Marsh,* 71 Ill. 371 ; *Homes* v. *Hale,* id. 552 ; *Ogden*
v. *Kirby,* 79 id. 561 ; *Evans* v. *George,* 80 id. 51.

It is utterly impracticable to embody all the facts of a case
in an instruction ; and where a part of the facts are promi-
nently brought before the jury in an instruction, as was done
in this instance, the instruction is sure to mislead the jury.

On the trial of a cause, the facts in the case can be argued before the jury by the respective parties, and in this manner such facts as are deemed to be controlling can be given prominence; but the office of an instruction is not an argument to the jury of the facts, but its sole object is to inform the jury what the law of the case is, arising upon the testimony.

Under the former decisions of this court the instruction was wrong, and it could do no less than prejudice the jury in favor of the plaintiff. The judgment will be reversed and the cause remanded.

*Judgment reversed.*