EAST ST. LOUIS AND CARONDELET RY. CO.

v.

SAMUEL FRAZIER.

1. INSTRUCTIONS.—The instruction which directed the jury to find for the defendant generally, if they found a certain issue in fact in its favor, entirely ignoring the issues made upon the first and second counts of the declaration, was erroneous.

2. INSTRUCTIONS ON MEASURE OF DAMAGES.—It is fatal error in instructions on the measure of damages not to inform the jury in any of the instructions that they should be governed by the evidence in the assessment of damages.

ERROR to the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed July 10, 1886.

Action by defendant in error to recover for personal injuries received while in the employ of plaintiff in error.

It appears the railway company owned and operated an appliance, called in the declaration and proofs a cradle, which was used to run cars upon for the purpose of putting them upon a ferry to be carried across the Mississippi river to St. Louis.

This cradle was constructed so as to be moved up or down an incline upon rollers, making it conform to the stage of water, or to remove it up the incline out of danger of high water or floating ice. For the purpose of drawing it up the incline, two ring bolts were inserted into the sides, to which chains or a block and tackle could be hooked, and then connected with a locomotive as the power used. On the occasion in question Frazier was assisting in the preparation necessary for the movement of the cradle, being upon it and in front of the ring bolts, to which the chain was attached, the other end being connected with a car coupled to an engine. While in this position, the locomotive started, and Frazier, seeing the coming strain upon the chain, ran to get out of danger, but not succeeding, and one of the ring bolts breaking, the chain was jerked against him, and his leg was badly crushed and broken, and he otherwise injured. Whether the breaking of the bolt was caused by its being defective when it was put in the cradle, as charged in the third count of the declaration, or from negligent starting of the engine by the engineer in charge, as alleged in the other counts, were questions litigated upon the trial, and upon which the testimony was quite conflicting.

. The testimony bearing upon the question whether the plaintiff in error is so far permanently injured that he will not recover the entire use of his crushed leg is quite uncertain if not conflicting.

The plaintiff below asked and the court gave for him but one instruction, as follows:

"The jury are instructed that the measure of damages in this case will be, if a verdict is found for the plaintiff, a reasonable compensation for time lost in consequence of the injury, and for the pain and suffering undergone, the necessary expense of effecting a cure, and for any permanent injury to the plaintiff's leg which renders it less useful."

The defendant requested the court to give to the jury its second instruction as follows:

2. "The court instructs the jury that the mere fact the eye-bolts used in the cradle mentioned in this case broke, does

not render the defendant liable in this suit, and if they believe from the evidence that said eye-bolts were of good material, of proper size and properly adjusted in said cradle, then they should find for the defendant," which the court refused to do.

Exceptions were duly taken to this action and here the giving of the one and refusing of the other is assigned for error.

The jury returned a verdict for the plaintiff for $9,000, and he remitting $3,000, the motion for a new ;trial was overruled and judgment entered for the residue of the verdict, and the defendant brings the record here by writ of error.

Mr. A. S. WILDERMAN, for plaintiff in error ; as to instructions on measure of damages, cited City of Freeport v. Isbell, 83 Ill. 440 ; Martin v. Johnson, 89 Ill. 537 ; C., B. & Q. R. R. Co. v. Warner, 108 Ill. 538 ; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162 ; Rolling Mill Co. v. Morrissey, 111 Ill. 646.

Mr. M. MILLARD, for defendant in error.

PILLSBURY, P. J. The court held properly in refusing the second instruction asked by defendant for two reasons : First, it contains a direction to the jury to find for ;the defendant *generally*, if they find the one issue of fact in its favor, the condition of the bolt which broke, entirely ignoring the issues made upon the first and second counts of the declaration. The issues were presented whether the bolt was broken by the negligence of the engineer, and if so whether he occupied such a, relation to the plaintiff as constituted them fellow servant; within the rule prevailing in this State. Other issues may be said to be involved which the instruction if given would withdraw from the jury. Second, the principle of the instruction was contained in the first instruction given for the defendant and the court was not required to repeat it.

We are compelled to say, however, that the instruction given for the plaintiff, standing as it does alone in the record, while, perhaps, stating the measure of damages in this class of cases properly enough as an abstract proposition of law,

should not, under the decisions of our Supreme Court, have been given in the form asked, but should have been modified or refused.

The jury are not told by this instruction, or any other in the record, that they should be governed by the evidence in the assessment of damages, an error held fatal in City of Free-port v. Isbell, 83 Ill. 440; Martin v. Johnson, 89 Ill. 537; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162 ; Rolling Mill v. Morrissey, 111 Ill. 646, and others not necessary to cite.

It is suggested by counsel that as the jury knew nothing about the damages sustained until they heard the evidence they had no basis for their action except as conveyed to them by the evidence, and to be always reminding them of their duty to be governed in all their findings by the evidence partakes of the character of a reflection upon their intelligence and integrity. Whatever force there may be in this suggestion we need not stop to inquire as it is effectually disposed of in the decisions referred to, which are binding upon this as well as on the court below.

Had the jury been informed of their duty in this regard by any instruction in the case, this objection to it might, perhaps, be considered as obviated.

The most serious objection to the instruction, in our view, is that it assumes the existence of the various elements of damages recited in it as constituting the aggregate amount of damages that the plaintiff could recover. Stated in such abstract form, unexplained by any others, it seems to imply that in the opinion of the court the evidence is sufficient to establish that the plaintiff had sustained damages from the several causes specified, and that the only duty of the jury was to ascertain the amount of each and return the aggregate as their verdict. This instruction may have been the reason of the verdict returned, which is practically admitted by the *remittitur* to have been one third too large. The instruction should have been so modified that the jury could not understand from it that they might avoid the responsibility of considering the evidence and to determine therefrom whether the damages claimed had been proven, especially as

the evidence creates such uncertainty respecting any perma-
nent injury.

We think the cases of Adams v. Smith, 58 Ill. 417; T. P.
& W. Ry. Co. v. Patterson, 63 Ill. 304; Wolcott v. Health,
78 Ill. 433, and Wilson v. Bauman, 80 Ill. 493, are in point
upon this question, and render the instruction so far errone-
ous as to require a reversal of the judgment. We do not
deem it necessary to discuss the weight of the evidence bearing
upon the several issues made, as the case must be again tried
at the circuit, and from some of the instructions given for the
defendant, notably the first, we are not sure that the former
jury passed upon those raised by the first and second counts
of the declaration; but for the error indicated the judgment
will be reversed and the cause remanded.

Judgment reversed.