# EAST ST. LOUIS & CARONDELET RAILWAY COMPANY
## v.
## SAMUEL FRAZIER.

*Personal Injuries — Instructions—Conflict of Evidence—Question for Jury—Damages—Whether Excessive.*

1.  It is proper to refuse an instruction which correctly states rules of law applicable to the case, when such rules are stated in another instruction given at the instance of the same party.

2.  Where the evidence is conflicting and three juries have found the facts the same way, this court will not interfere upon a mere question of fact, unless convinced that the verdict is the result of passion or prejudice.

3.  Where pain and suffering are recognized elements in the assessment of damages for personal injuries, such assessment is within the sound judgment of the jury under the instructions of the court.

4.  In the case presented, it is *held:* That nothing appears to show that the amount of the damages was not fixed by the jury upon a fair consideration of the testimony; and that the verdict for $6,000 is not so excessive as to require a reversal.

[Opinion filed May 5, 1888.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. A. S. WILDERMAN, for appellant.

The damages awarded by the jury in this case are so excessive as to induce a most violent presumption that the verdict is the result of passion, prejudice or a total miscon. ception of the case.   Loewenthal v. Strong, 90 Ill. 74; N. L. Packet Co. v. Binninger, 70 Ill. 571; C. R. I. & P. Ry. Co. v. Payzant, 87 Ill. 125; McLimans v. City of Lancaster, 63 Wis. 596; C., B. & Q. R. R. Co. v. Avery, 10 Ill. App. 210; C. West. Div. Ry. Co. v. Hughes, 87 Ill. 94; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; Kolb v. O'Brien, 86 Ill. 210; C., B. & Q. R. R. Co. v. Dunn, 52 Ill. 451; I. C. R. R. Co. v. Welch, 52 Ill. 183; City of Chicago v. Kelly, 69 Ill. 475; City of Chicago v. Langlass, 52 Ill. 256; City of Decatur v. Fischer,

52 Ill. 407; City of Elgin v. French, 86 Ill. 498; City of Ottawa v. Sweely, 65 Ill. 434; City of Peru v. French, 55 Ill. 317; City of Chicago v. Jones, 66 Ill. 349; City of Chicago v. Martin, 49 Ill. 241; C. R. I. & P. R. R. Co. v McKean, 40 Ill. 218.

Mr. M. MILLARD, for appellee.

Courts do not undertake to put an exact value upon a leg or an arm of a person who is disabled, or the pain he endures, or the difference between being a cripple and a man with limbs unimpaired. The result should stand, unless the court below and the jury have blundered, or committed an act of injustice, without question. Where the testimony is all heard, the trial fair, the instructions full, and the case is well considered, there should be no reversal by an appellate court.

In C. & A. R. v. Wilson, 63 Ill. 167, where a music teacher lost his hand, $8,000 was not regarded as excessive.

In Ill. Cent. v. Parks, 88 Ill. 373, $8,958 was not considered too much for an injury to a lady's spine.

In C. & A. R. v. Murray, 71 Ill. 601, a little girl seven years old lost her leg and two fingers, and the court allowed a verdict of $8,100 to stand.

In T. W. & W. Ry. v. Fredericks, 71 Ill. 294, a brakeman received $5,000 for a mere "stiffness" in his hand.

In C. & E. R. Co. v. Holland, 18 Ill. App. 418, it was held $25,000 was not excessive for a serious injury to the spine.

These are cases where verdicts were sustained, and they fully justified the action of the lower court in refusing a new trial in the pending suit.

*Per Curiam.* This cause has been tried three times in the lower court, and once in this, at the February term, 1886, and is reported in 19 Ill. App. 92, where will appear a sufficient statement of the facts for our present purpose. We then reversed the judgment for the reason that an instruction given on behalf of the plaintiff was deemed by us, under the authorities cited, to be erroneous.

On the re-trial of the cause in the court below the plaintiff asked no instructions, while ten were asked by the defendant,

E. St. L. & C. Ry. Co. v. Frazier.

covering every point arising in the case upon which the defendant relied as a defense, all of which, except the 5th, 7th and 9th, were given, either as asked or with modifications made by the court.  As to the refused instructions, it is only necessary to say that the principle announced in the 7th was sufficiently stated in the 6th given, at least as fully as the case made by the evidence warranted.  The 10th instruction given embodied the substance of the 9th refused, and in less objectionable language.

We can not say that serious error was committed in refusing the 5th instruction.  While the evidence shows that he, Frazier, assisted as an employe in the construction of the cradle, the record is barren of any evidence that he was the superintendent in charge over the work, or that he was authorized to call upon the appellant for materials and have his order complied with.  The evidence is all the other way.

Hennel was the foreman and Jones the superintendent, and when they had the dispute about the use of the old bolts, neither of them considered it necessary to consult the appellee about using them.  We are satisfied no injury resulted to appellant for the failure to give said instruction.

The modification of appellee's instructions numbered 1, 2, 3 and 4, was but carrying out the views of this court expressed in the former opinion when passing upon the question whether the court thus erred in refusing an instruction asked by appellee.

It is earnestly insisted that the verdict is not supported by the evidence, and is manifestly against its weight, and should be set aside for that reason.  A careful consideration of the testimony contained in this record convinces us that this point is not well taken.  It may be conceded that it is quite conflicting upon many points arising in the case, but upon the whole case, we are not prepared to hold that the jury were not justified in their finding in favor of appellee.

Three juries have found the facts the same way, and we ought not to interfere upon a mere question of fact where the evidence is so conflicting, unless convinced that the verdict is the result of passion or prejudice, and thereby manifest prejudice has been done.

The whole record considered, we are unable to say that this verdict was founded upon such causes, or either of them.

Upon the point made, that the damages are excessive, we do not consider them so clearly so as to call upon us to interfere for that cause alone.

The appellee for eleven months was confined to his bed, suffering intense pain; the bones of his leg decomposed and had to be removed, leaving him a cripple for life.

It was said in C., R. I. & P. Ry. Co. v. Barrett, 16 Ill. App. 17, that, "Where pain and suffering are recognized elements in assessing damages for personal injuries, there can be no certain rules for their admeasurement, and consequently the law has left the assessment to the sound judgment of the jury, guided by proper instructions from the court, and before a court should interfere with the findings by putting itself in the place of the tribunal primarily established by the law to determine this question, it ought to be well advised that such verdict is not the result of the calm, dispassionate judgment of the jury, but results from some improper motives or influences, and that injustice would be done if the verdict should be allowed to stand."

Nothing appears in this record to show that the amount of the damages was not fixed by the jury upon a fair consideration of the testimony, neither does the amount assessed seem to be so excessive as to require a reversal of the judgment.

*Judgment affirmed.*