## The City of Salem

*v.*

## Maggie E. Harvey, Admx.

*Filed at Mt. Vernon June 17, 1889.*

1.  Law and fact—*questions relating to damages.* What may be the rule for assessing damages as the proper measure in an action for a tort, is a question of law; but whether the amount of damages found in the action is excessive, is a question of fact.

2.  Practice—*measure of damages—how the question may be presented —as a question of law.* Whether the plaintiff in an action for negligently causing the death of another, under the evidence, is entitled to recover more than nominal damages, is a question that may be raised by appropriate instructions, if it be desired to have that question reviewed in this court.

Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

Mr. M. SCHAEFER, for the appellant:

Jennie Harvey, the intestate, was thirty-one years old at her death, and left a father, mother, a sister and two brothers. The last three were married, and were not dependent on her for support. She owed services to none of these, nor to her father and mother. All that she did toward her parents' support was, that she worked when at home.

Three things were necessary to justify the verdict: First, a wrongful death; second, next of kin; and third, pecuniary injury or loss. Without the last, or third, element, nominal damages, only, could be awarded, even if the other two elements existed to the greatest extent. And such, I think, has been the tenor of the decisions of this court in the following and other cases, to-wit: *Miller* v. *Miller,* 16 Ill. 296; *Mercer* v. *Jackson,* 54 id. 397; *Freeman* v. *Freeman,* 65 id. 106; *Byers* v. *Thompson,* 66 id. 421; *Guffin* v. *Nat. Bank,* 74 id. 259; *Morton* v. *Rainey,* 82 id. 215; *Railroad Co.* v. *Weldon,* 52 id. 290.

Mr. H. C. GOODNOW, and Mr. THOS. E. MERRITT, for the appellee:

The question of how damages are estimated must be largely left to the discretion of the jury, to whom the law commits the question, and who can give such damages as they shall deem a fair and just compensation. What the life of a person is worth, in a pecuniary sense, to another, is a question which does not lie within the limits of exact proof, and hence the subject has been confided to the jury. The court must see that their finding be not the result of passion or prejudice. *Railroad Co.* v. *Shannon,* 43 Ill. 340.

The statute does not require that the widow or next of kin, in order to recover, shall have had legal claims on the deceased for support. *Railroad Co.* v. *Barron,* 72 U. S. 90.

The manner in which the next of kin have sustained pecuniary loss need not be averred, and actual pecuniary loss need not be proven. *Barron* v. *Railroad Co.* 1 Biss. 412.

The fact that the deceased, whose next of kin was a father and brothers and sisters, contributed a portion of his wages to the support and education of his younger brothers, is sufficient to entitle his administrator to recover more than nominal damages. *Railroad Co.* v. *Whalen*, 19 Bradw. 116.

The fact that Jennie Harvey, the deceased, did contribute to the support of her mother and father, takes this case out of those where only nominal damages are allowed. In this case the evidence is clear that the negligence of the city authorities was gross.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Maggie E. Harvey, administratrix of the estate of Jennie Harvey, against the city of Salem, to recover damages resulting to the next of kin on account of the death of the intestate, caused, as is alleged, through the negligence of the defendant. The action was brought under sections 1 and 2, of chapter 70, page 1290, of Starr & Curtis' Statutes, and on a trial of the cause in the circuit court plaintiff recovered a judgment for $1500, which, on appeal, was affirmed in the Appellate Court.

No fault whatever is found with the ruling of the circuit court on the admission of evidence, or in the instructions of the court to the jury. The only question raised or sought to be raised in the argument is in reference to the amount of the recovery.

It is conceded, in the argument, that plaintiff was entitled to recover nominal damages, but it is insisted that the next of kin, in this case, have suffered no pecuniary loss, and that they are not entitled to a judgment of $1500. In *City of Joliet* v. *Weston, Admr.* 123 Ill. 641, which was the same kind of an action as this one, we held that what may be the rule for assessing the damages in a case, is a question of law; but whether the amount of damages found in an action for tort is excessive, is a question of fact not reviewable in this court on appeal from the Appellate Court. The decision would seem

to be conclusive of the question presented by this record. Whether, under the evidence introduced on the trial, the plaintiff was entitled to recover any more than nominal damages, was a question which might have been raised by an appropriate instruction, had counsel desired to have that question reviewed in this court. That, however, was not done.

No error appearing in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*