The Lake Erie and Western Railroad Company

*v.*

Richard Morain.

*Filed at Springfield January 15, 1892.*

| 140 | 117 |
| 159 | 552 |
| 140 | 117 |
| 162 | 190 |
| 58a | 28 |
| 140 | 117 |
| 72a | 411 |
| 140 | 117 |
| 94a | 5326 |
| 140 | 117 |
| 192 | 5518 |

1. Witness — *impeaching — contradicting immaterial evidence.* If a party, on cross-examination, draws out immaterial matters, it is not competent for him to contradict the statements of the witness so drawn out, by way of impeachment.

2. On the trial of an action against a railroad company for an injury to the plaintiff in alighting from a train, the plaintiff, on cross-examination, stated that he was not out of the cars between two stations named, and was not on the platform at an intermediate station. The court refused to allow a witness of the defendant to testify that he saw plaintiff get off the train at such intermediate station on the evening he was injured, and remain off until the train had started, and then run alongside of it and climb on while it was in motion : *Held,* that the refused testimony was inadmissible as primary evidence, as it tended to raise a collateral and immaterial issue, and that it was not competent as impeaching testimony, as the matter sought to be contradicted was immaterial, and drawn out by the defendant on cross-examination.

3. Negligence—*question of due care—instruction.* In an action to recover damages for a personal injury resulting from negligence, an instruction for the plaintiff which omits to state, as a condition precedent to the right of recovery, that the plaintiff, at the time of the injury, was in the exercise of ordinary care, is such an error as to require a reversal, unless the defect is supplied in other instructions, or it appears that the defendant was not injured thereby.

4. But when the requirement of ordinary care on the part of the plaintiff is correctly stated in a subsequent instruction for the plaintiff, and in several instructions for the defendant, thus supplementing and explaining the defective instruction, and there is no conflict in the series of instructions, which, as a whole, stated the law fully and fairly and the attention of the jury by a special interrogatory is called to the question of the plaintiff's exercise of ordinary care, the error will not be such as to require a reversal.

5. Practice—*special interrogatories—must relate to ultimate facts.* The special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate facts, and not to mere evidentiary facts that tend, more or less, to establish the ultimate facts upon which the rights of the parties depend.

6. Where answers to special interrogatories will furnish merely evidentiary or probative facts, and not ultimate facts, or facts from which the ultimate facts will necessarily result, there is no error in refusing to submit the interrogatories to the jury.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. A. E. DeMange, and Mr. W. E. Hackedorn, for the appellant:

Where one instruction is given authorizing a recovery against a railroad company for injuries caused by negligence, which contains no requirement of care or caution on the part of the injured party, the error will not be cured by other instructions which do contain such requirement. *Railway Co. v. O'Brien,* 18 Ill. App. 28; *Railroad Co. v. Harwood,* 80 Ill. 88; *Railway Co. v. Dimmick,* 96 id. 42; *Railroad Co. v. Payne,* 49 id. 499.

In a case where the sympathy of the jury was on one side, there would be danger that they would not stop to average, but that out of the given instructions on both sides they would select those in accordance with their sympathy, and not attach much weight to the others. *Village of Warren v. Wright,* 3 Ill. App. 429; *Morris v. Gleason,* 1 id. 510; *Railroad Co. v. Robinson,* 9 id. 93; *Railroad Co. v. Housh,* 12 id. 89; *Baldwin v. Killian,* 63 Ill. 552; *Railway Co. v. Larmon,* 67 id. 68.

Messrs. Benjamin & Morrissey, for the appellee:

In view of the other instructions given for appellee and appellant, and the finding of the jury on appellant's fifth interrogatory, it is evident that the jury could not have been, and were not, misled by the first instruction given for plaintiff. *Willard v. Swanson,* 126 Ill. 381; *Railroad Co. v. Johnson,* 116 id. 206; *Spies v. People,* 122 id. 245; *Chicago v. McDonough,* 112 id. 86; *Christian v. Irwin,* 125 id. 619; *Tomle v. Hampton,*

129 id. 380; *Railroad Co.* v. *Warner,* 123 id. 38; *Railway Co.* v. *Halsey,* 31 Ill. App. 601.

The court did not err in refusing to submit to the jury appellant's refused interrogatories. They were either covered by the interrogatories given, or called for findings as to mere evidentiary, not controlling, facts. *Railway Co.* v. *Dunleavy,* 129 Ill. 132; *Railroad Co.* v. *Voelker,* id. 540.

Mr. Justice Baker delivered the opinion of the Court:

In this action on the case, brought by appellee, against appellant, to recover damages for injuries received while alighting from a train, there was verdict and judgment in the trial court in favor of the former, and that judgment was affirmed in the Appellate Court. The judgments of the courts below conclusively settle all questions of fact in favor of the appellee.

The first instruction given for appellee was inaccurate, in that it omitted to state, as a condition precedent to the right of recovery, that appellee should have been in the exercise of ordinary care at the time the injury was received. This constituted reversible error, unless it can be said that the defect was cured by other instructions, or that the appellant was not injured thereby.

In *Willard* v. *Swanson,* 126 Ill. 381, one of the instructions for the plaintiff was defective for the same reason that this instruction was defective. The court, there, refused to reverse the judgment, and on the ground that the doctrine that the plaintiff could not recover unless it appeared from the evidence that he was in the exercise of ordinary care, was clearly and directly stated in another instruction given for plaintiff and in several given for the defendant, and that the jury could not have been misled by the omission to state that doctrine in the challenged instruction. In *Chicago and Alton Railroad Co.* v. *Johnson,* 116 Ill. 206, there was an omission to state in an instruction the requirement of ordinary care by the

plaintiff for his own safety. This court there said: "That requirement was so prominently set forth as essential to recovery in other instructions, both on the part of plaintiff and defendant, that we are satisfied no prejudice could have resulted to plaintiff from its omission in the second instruction." See, also, *Spies* v. *The People*, 122 Ill. 1; *Tomle* v. *Hampton*, 129 id. 379; *Chicago West Division Railway Co.* v. *Ingraham*, 131 id. 659.

In the case at bar, the requirement of ordinary care and caution on the part of the plaintiff at the time of the injury was stated in the second instruction for appellee, in the sixth instruction for appellant, and in the second and third modified instructions given for appellant. This is not a case where the instructions given for appellant contradict those given for appellee, and the rule announced in one series of instructions is in conflict with that announced in the other series, and the jury is left to select and act upon either rule. Here, the second instruction for appellee and the instructions for appellant supplemented and explained the instruction of which complaint is made. The first instruction for appellee, for want of the qualification or explanation that at the time of the injury the plaintiff must have been in the exercise of ordinary care, was subject to criticism; but it should be, and we must presume was, by the jury, read and construed in connection with and in the light of the other instructions given by the court. The instructions, as a whole, presented the matter here at issue fully and fairly, and there was no conflict between them, and they were easily reconcilable with each other, and it would be unreasonable to conclude that the jury were probably misled in respect thereto. Besides this, the jury, in their special findings, expressly found that the train did not stop a sufficient length of time to enable all the passengers desiring to stop at Ellsworth to alight from the train by the exercise of ordinary diligence, and that the plaintiff could not, under the circumstances of the case, have left the train safely

by the exercise of ordinary care and diligence. These findings, and the interrogatories which they answered, show that the question of the degree of care exercised by appellee was called to the attention of the jury and was considered by them, and it must be presumed that in connection therewith they took into consideration the rule laid down in the second instruction for appellee and in several of those given for appellant. We think that under the circumstances shown by the record the defect in said first instruction was supplied and cured by other instructions, and that appellant suffered no detriment on account thereof.

It is claimed that the trial court erred in refusing to submit to the jury the following special interrogatories:

"*Third*—How long did defendant's train stop at Ellsworth?

"*Fourth*—Did plaintiff alight from the platform of the car to the station platform, and then endeavor to regain the car platform, or run along the station platform with the train?

"*Seventh*—Did plaintiff, with his brother and the witness Vandervoort, stand on the platform of the car, or elsewhere on the train, after it had stopped at Ellsworth, without attempting to get off until it had started again?

"*Eighth*—Did plaintiff receive his injury in attempting to get off the train while it was in motion?

"*Ninth*—Did any of the trainmen consent to or encourage plaintiff's attempt to leave the train while it was in motion?"

Answers to said questions would have furnished merely evidentiary or probative facts, and not ultimate facts, or facts from which the ultimate facts would necessarily result. The rule is, that the special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate facts, and not to mere evidentiary facts that tend, more or less, to establish the ultimate facts upon which the rights of the parties depend. (*Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, id. 540; *Chicago, Rock Island and Pacific Rail-*

*way Co.* v. *Clough,* 134 id. 586.)    There was, therefore, no error in the action of the court in refusing to submit said interrogatories to the jury.

We concur in the views expressed in the opinion of the Appellate Court in respect to the modifications made by the trial court in the first, second, third and fourth modified instructions, and think that there was no error in making such modifications.

The first and third refused instructions were not based upon the evidence.   The substance of the second refused instruction was contained in other instructions which were given.   By the fourth refused instruction the appellant sought to take from the jury the determination of a question of fact.   There was no error in refusing to give any of said instructions.

Appellee stated, on his cross-examination, that he was not out of the car between Saybrook and Ellsworth, and was not on the platform at Arrowsmith, the next station east of Ellsworth.   The court refused to permit one Middleton, a witness for appellant, to testify that he saw appellee get off the train at Arrowsmith on the evening that he was injured, and remain off until it had started, and then run alongside of it and climb on while it was in motion.   This testimony was inadmissible as primary evidence, since it tended to raise a collateral and immaterial issue, and it was not competent as impeaching testimony, for the reason that the matter sought to be contradicted was immaterial, and was drawn out by appellant on cross-examination.

We find no substantial error in the record.   The judgment, of the Appellate Court is affirmed.

*Judgment affirmed.*