## Terre Haute & Indianapolis R. R. Co. v. E. J. Eggmann, Administrator of William Kennedy.

1. RAILROAD COMPANIES—*Negligent Construction of Track.*—It is negligence in a railroad company to construct its track at a street crossing, leaving a space between the planks and the rails so that the foot of an animal or human being may be hopelessly caught therein.

2. DAMAGES—*Ordinarily a Question for the Jury.*—The amount of

damages to be recovered is a question of fact ordinarily to be settled by the jury.

3. EXCESSIVE DAMAGES—*When $3,000 is Not.*—Where a boy, twelve years of age, able to earn fifty cents a day, is killed through the negligence of a railroad company, $3,000 is not to be regarded as excessive damages.

4. SPECIAL INTERROGATORIES—*Must Relate to Ultimate Facts.*— Special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate facts and not to mere evidentiary facts that tend more or less to establish the ultimate facts upon which the rights of the parties depend.

5. ACTIONS FOR PERSONAL INJURIES, ETC.—*Sufficiency of Proof.*—In actions for negligence resulting in the death of a person, it is sufficient, in order to entitle the plaintiff to recover, for him to prove enough of the allegations of his declaration to constitute the cause of action.

6. PROOFS—*Sufficient to Sustain the Action.*—Under a declaration alleging that the defendant failed to maintain a crossing so as to be safe to persons passing thereon as by the statutes of Illinois provided, but on the contrary, carelessly and negligently maintained it so that there were openings and holes therein so large as to allow the feet of pedestrians to be caught therein while passing over it, that the planks and material thereof were rotten, broken and insufficient to make said crossing safe for persons passing thereon, the evidence showed that the crossing, and the material thereof, were insufficient for the safety of the traveling public; that there were openings in the crossing so large that the foot of a pedestrian might be caught therein while passing over it. *Held,* to be proof of enough of the declaration upon this point to authorize a recovery.

**Action for Damages.**—Death from negligent act. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

APPELLANT'S BRIEF, THOS. J. GOLDEN AND TURNER & HOLDER, ATTORNEYS.

One who runs with a view of crossing a track of a railroad company ahead of a locomotive moving thereon, and who, miscalculating the distance, is injured in the attempt, is guilty of such contributory negligence that he can not recover for his injury.   Chic. & A. R. R. Co. v. Fears, 53 Ill. 115; Chic. R. R. Co. v. Bell, Admr., 70 Ill. 108; Bellefontaine v. Hunter, 33 Ind. 335; R. R. Co. v. Houston,

95 U. S. 697; Korrady v. Lake S. R. R. Co., 131 Ind. 261; Maryland v. Pittsburg & L. E. R. R. Co., 10 Am. St. R. 541; Aiken v. Penn. R. R. Co. (30 Penn.), 17 Am. St. R. 775; Liermann v. C., M. & St. P. Ry. Co. (82 Wis.), 33 Am. St. R. 37; Marden, Admr., v. B. & A. R. R. Co., 159 Mass. 393.

The proper measure of damages, in an action to recover for the death of a minor child, is the probable value of the services of the deceased, from the time of his death to the time he would have attained his majority, less the expense of his maintenance during the same time. Tiffany, Death by Wrongful Act, Sec. 164; R., R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 193; Leahy v. Davis (Mo.), 25 S. W. Rep. 941.

APPELLEE'S BRIEF, JESSE M. FREELS AND A. R. TAYLOR, ATTORNEYS.

Special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate facts, and not to mere evidentiary facts that tend, more or less, to establish the ultimate facts upon which the rights of the parties depend. Lake Erie & W. R. Co. v. Moran, 140 Ill. 121; Terre Haute & I. R. Co. v. Voelker, 129 Ill. 556.

In actions of tort, it is sufficient to support the declaration, and the plaintiff's right to recover, to prove enough of the declaration to constitute a cause of action. Rock Island v. Creevely, 126 Ill. 409; C., B. & Q. R. Co. v. Warner, 108 Ill. 539; Weber Wagon Co. v. Kehl, 139 Ill. 645.

The judgment awarded for $3,000 is not excessive. C., M. & St. P. Ry. Co. v. Wilson, 35 Ill. App. 348; City of Chicago v. Keefe, 114 Ill. 229; Railroad Co. v. Barron, 5 Wall. 91; C. & A. R. Co. v. Shannon, 43 Ill. 346; E. J. & E. Ry. Co. v. Raymond, 148 Ill. 251; L. & N. R. Co. v. Mary Connor, Admx., 9 Heisk. (Tenn.); Galveston, H. & S. A. Ry. Co. v. Arispe, 23 S. W. 930; Texas & Pac. Ry. Co. v. Robertson, 82 Texas, 663; Bierhauer v. N. Y. C. & H. R. R. Co., 15 Hun 562, 564; Harkins v. Pullman Pal. Car Co., 52 Fed. Rep. 723; Bertha Zinc Co. v. Black's Admr., 88 Va. 304; L. & N. R. Co. v. Shivell's Admr., 18 S. W. Rep. 946.

The statute commits the question as to the pecuniary in-

jury the plaintiff and next of kin have sustained by the death of the deceased, and the pecuniary compensation to be given therefor, to the jury, and this shall be what they "deem fair and just." Rev. Stat. Ill., Chap. 70, Sec. 2; I. C. R. Co. v. Simmons, 38 Ill. 242; City of Chicago v. Keefe, 114 Ill. 229; C. & A. R. Co. v. Shannon, 43 Ill. 346; Railroad Co. v. Barron, 5 Wall. 91.

The amount of damages, and whether excessive, is a question of fact for the jury. City of Salem v. Harvey, 129 Ill. 344; City of Joliet v. Weston, 123 Ill. 641.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an action by appellee against appellant, to recover damages for the killing of William Kennedy, a lad twelve years of age, by one of appellant's trains. A verdict for $4,250 was rendered in favor of appellee, who, at the suggestion of the trial court, entered a remittitur of $1,250. The court thereupon rendered judgment for appellee for $3,000, and from this judgment appellant has perfected an appeal to this court.

William Kennedy, with his brothers, Joseph and James, aged respectively ten and fourteen years, attended eight o'clock mass at St. Patrick's church in East St. Louis, on Sunday morning, March 5, 1893. In going to and returning from the church, the boys passed along Pennsylvania avenue which was crossed by appellant's roadway. The accident occurred at about nine or ten o'clock, at the intersection of the street and railroad track.

The space between the rails of appellant's main track at the road crossing was filled with oak planks three inches thick and sixteen feet long, with room enough between the rails and plank for the flange of the engine and car wheels. There was a conflict of the evidence as to the width of the space between the east rail and the adjacent plank. Appellee's witnesses, some of whom measured the space, fix it at from three and one-quarter to three and one-half inches. Appellant's witnesses say that the space was not more than

two and one-half inches.   The evidence on both sides shows that a space of three inches or more at this point would be a negligent construction of the track.   While the difference of one inch, as between two and one-half and three and one-half inches, seems very inconsiderable, yet when it is observed that this difference determines, in many cases, whether the foot of an animal or human being shall be hopelessly caught in this dangerous space, it is seen at once that the testimony upon this point is all-important on the question of the negligence of the railroad company.   It is sufficient to say that the evidence justified the jury in finding that the space was more than three inches, and that the track was, therefore, even according to appellant's testimony, in a dangerous condition, and it is certainly immaterial in this case whether this dangerous condition of the track arose from an improper construction thereof originally, or from failure to repair and keep the track in a reasonably safe condition.

At the time of the accident, one of appellant's engines was backing toward this crossing from the south, pulling twenty-one freight cars, some of them loaded and some of them empty.   As the tender approached the crossing, it was moving at the rate of one or two miles per hour.   William Kennedy, who was in advance of his two brothers, as they were returning from church, attempted to cross the track, when his foot became caught in the space already described, between the plank and the east rail of the track.   He endeavored to extricate his foot from this dangerous position, but was unable to do so.   He cried aloud so as to be heard by one of his brothers.   The engineer and fireman did not see him.   In fact, the fireman was engaged in cleaning a window and the engineer was looking another way.   The tender, which was in advance of the engine, ran over the boy, and the train was stopped while the tender was still upon him.   The shoe upon the foot which was caught between the plank and the rail was broken from the boy's limb and pressed into the space so that a pick was used by one of the railroad men to remove it.   The boy's limbs were horribly mangled and he died between twelve and one o'clock, in consequence of the injuries received.

It was insisted by appellant that the boys were in the railroad yards, five or six hundred feet south of the crossing, about fifteen minutes before the accident. The engineer, fireman and three switchmen so swear. Thence it is sought to draw an inference that the boys went up the track toward the crossing and were endeavoring to jump upon the tender, and that William Kennedy was hurt while engaged in this unlawful act. The only direct evidence upon this point, aside from that of the two boys, who swear that they were not endeavoring to jump upon the tender, is that of a woman produced by appellant as a witness, calling herself Mrs. Hamlin, who answers in such a manner as to discredit her testimony. She refuses repeatedly to tell where she was going when she claims to have seen William Kennedy trying to jump upon the tender. She admits that she has worn another name than that under which she appears as a witness, but refuses to give the name or to state how she came to wear it, or by what means her present cognomen became fixed upon her. A perusal of her testimony is sufficient to show that the jury were justified in rejecting it altogether

Setting Mrs. Hamlin to one side, there is no difficulty in accepting the testimony of Joseph Kennedy, who was nearest to William at the time of the accident, as being substantially correct. His account of the accident is in accordance with the facts as hereinbefore stated. The engineer and fireman do not claim to know how the accident occurred. Thus it appears that the jury were justified in finding that William Kennedy, while in the exercise of reasonable care for his own safety, was killed by appellant's train because of the negligence of those in control of the train, and also because of the dangerous condition of appellant's track at the place where the injury was received. And so we hold that the verdict was not against the evidence.

It is said, however, that the damages are excessive. But the amount of damages to be recovered is a question of fact, and therefore a question ordinarily to be settled by the jury. City of Joliet v. Weston, 123 Ill. 641; City of Salem v. Harvey, 129 Ill. 344.

In C. & A. R. R. Co. v. Shannon, 43 Ill. 338, the Supreme Court say : "Such next of kin as have suffered pecuniary injury from the death of deceased, may recover pecuniary compensatory damages under this statute. How this pecuniary damage is to be measured, in other words, what is to be the amount of the verdict, must be largely left (within the limits of the statute) to the discretion of the jury. The legislature has used language which seems to recognize this difficulty of exact measurement and commits the question especially to the finding of the jury. The law provides that they are to give such damages as they shall deem a fair and just compensation."

In the City of Chicago v. Keefe, 114 Ill. 222, a judgment for $2,500, for the death of a little boy was affirmed. In this case the Supreme Court say : "The question is, in its nature, incapable of exact determination, and the jury should, therefore, calculate the damages in reference to a reasonable expectation of benefit, as of right, or otherwise, from the continuance of his life. Parents, and even brothers and sisters, might reasonably expect, in many ways, to derive pecuniary benefit from the continued life of the intestate, as of grace and favor, if not of right, at any age of life, and our statute imposes the duty of support, in the event of their becoming paupers, of the parent by the child, and of one brother or sister by another brother or sister."

William Kennedy was a strong healthy boy, and had been earning fifty cents a day for a short time prior to his death. His funeral expenses amounted to $150. Considering the discretion which the jury were authorized to exercise, we are not prepared to say that the judgment, which is large, is also excessive.

It is said that the court erred in giving appellee's instruction. In the argument of this proposition appellant divides the instruction into eight paragraphs, numbering them paragraph No. 2, paragraph No. 3, etc. An examination of the record shows that the several clauses of the instruction, as the same was given by the court, were not numbered in this manner, but that the whole of it was written together with

such connecting words as to indicate clearly to any reasonable being that the several clauses formed but a single instruction. The clauses were connected by such expressions as "and if the jury believe from the evidence," "and if the jury further find from the evidence," which show that each succeeding clause was added to what preceded it, so as to require a finding of the truth of the facts stated in all of the clauses before there could be a recovery.

There was but one marginal "Given," which clearly indicated the unity of the instruction. The fact that each clause began at the left of the sheet, somewhat after the manner of paragraphs, did not show that there were eight instructions rather than one. There is nothing in this criticism of the instruction, and no other specific objection has been insisted upon.

The trial court refused to submit to the jury, at the request of appellant, a special interrogatory, which is as follows: "Was the deceased passing over the crossing in the usual way and going directly across the same?" There was no error in this ruling of the court. T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540. "The rule is that the special interrogatories to be submitted to a jury, under the statute, must relate to the ultimate facts, and not to mere evidentiary facts that tend, more or less, to establish the ultimate facts upon which the rights of the parties depend." L. E. & W. R. R. Co. v. Morain, 140 Ill. 117; E. J. & E. Ry. Co. v. Raymond, 148 Id. 241.

It is also urged that the evidence does not sustain the allegations of the declaration. The part of the declaration involved here is as follows: "Yet defendant failed to maintain said crossing so as to be safe to persons passing thereon, as by the Statute of Illinois provided, but on the contrary, carelessly and negligently maintained said crossing, so that there were openings and holes therein so large as to allow the feet of pedestrians to be caught therein while passing over said crossing, and said crossing and the plank and material thereof were *rotten, broken and insufficient* to make said crossing safe for persons passing thereon."

It is said that the evidence fails to show that the planks of the crossing were rotten or broken. This constitutes the alleged variance between the proof and the declaration. In actions like the one at bar, it is sufficient, in order to entitle plaintiff to recover, for him to prove enough of the declaration to constitute the cause of action. C., B. & Q. R. R. Co. v. Warner, 108 Ill. 538; Weber Wagon Co. v. Kehl, 139 Ill. 644. So, in the case under consideration, if it had been proved that the planks were utterly rotten, it would not have been necessary to prove that they were in fact broken, or if it had been proved that they were broken, there would have been no variance even though rottenness of the planks had not been established. The evidence shows that the crossing and the material thereof were insufficient for the safety of the traveling public; that there were openings in the crossing so large that the foot of a pedestrian might be caught therein while passing over the crossing. This is proof of enough of the declaration upon this point to authorize a recovery.

We find no material error in the record. The judgment is affirmed.