The Terre Haute and Indianapolis Railroad Co.

*v.*

E. J. Eggmann, Admr.

*Filed at Mt. Vernon January 20, 1896.*

1. Instructions—*requirements as to form of instructions.* An instruction in the form of separate and distinct sentences, which can be intelligently read only as a whole, may be sufficient, although not in proper form or correctly punctuated, if the jury would not misunderstand or be misled by it.

2. Same—*summarizing the case—when not error.* An instruction summarizing the case, and telling the jury that if they find the facts as stated plaintiff is entitled to recover, is not reversible error when it embraces all the elements essential to a recovery, omitting nothing material.

3. Special findings—*must relate to ultimate facts.* Refusal to submit a special interrogatory asking, "Was the defendant passing over the crossing in the usual way and going directly across the same?" is proper in an action against a railroad company for a personal injury, because it does not relate to any ultimate fact.

*T. H. & I. R. R. Co. v. Eggmann,* 58 Ill. App. 21, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding.

Turner & Holder, and T. J. Golden, for appellant.

Jesse M. Freels, and A. R. Taylor, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment affirming a judgment of the city court of East St. Louis, in favor of appellee, against appellant. The action was for negligently causing the death of plaintiff's intestate. The allegation of negligence, upon which the trial was had, is the failure to maintain a public street crossing in the city of East St. Louis, by allowing openings therein large enough to permit the feet of pedestrians to be caught, whereby William Kennedy, plaintiff's intestate, passing over the crossing, exercising due care, caught his foot in an opening therein, and was, by an engine and tender in charge of the defendant's servants, negligently run over and killed. The controverted questions of fact upon the trial were the alleged negligence of the defendant and due care on the part of the deceased.

It was urged in the Appellate Court that the trial court erred in giving the only instruction asked on behalf of the plaintiff, and in refusing to require the jury to answer the special interrogatory: "Was the defendant passing over the crossing in the usual way, and going directly across the same?" Also, that the verdict of the jury was contrary to the evidence, and that the damages allowed were excessive. The last two questions being eliminated from the case by the judgment of the Appellate Court, it only remains for us to notice the first two.

The instruction is objected to on account of its form, rather than its substance. It assumes to state all the facts essential to plaintiff's right of action, and then tells the jury that if they find them established by the evi-

dence, plaintiff is entitled to recover. As shown by the record, each fact to be found by the jury is stated in the instruction in a distinct sentence, and space left between the sentences, as though each was a separate paragraph. It is insisted that in that form it led the jury to understand that proof of any one of the facts thus separately stated would entitle the plaintiff to a judgment. The instruction was given as a whole, and can only be intelligently so read. While it may be said that it is not written in proper form or correctly punctuated, we do not think a jury would misunderstand it or be misled by it to the defendant's prejudice. This court has frequently criticised the practice of giving instructions thus summarizing the case. (*Martin* v. *Johnson*, 89 Ill. 537; *Pennsylvania Co.* v. *Stoelke*, 104 id. 201.) It has, however, never held such an instruction to be reversible error when it embraced all the elements essential to a recovery, omitting nothing material. (*Pennsylvania Co.* v. *Stoelke, supra*; *City of Chicago* v. *Schmidt*, 107 Ill. 186.) No defect of that kind is claimed to exist in this instruction. It seems to fully present to the jury for its finding, upon the evidence, every element necessary to plaintiff's right of recovery upon his theory of the case.

The trial court properly refused to submit the special interrogatory to the jury, for the reason that it did not relate to any ultimate fact. *Lake Erie and Western Railroad Co.* v. *Morain*, 140 Ill. 117, and cases cited; *Elgin, Joliet and Eastern Railway Co.* v. *Raymond*, 148 id. 241.

We find no reason to dissent from the views of the Appellate Court (58 Ill. App. 21) expressed in its opinion by Scofield, P. J. Its judgment will therefore be affirmed.                                    *Judgment affirmed.*