175 634
102a ²449
102a ³449

175 634
203 ⁷ 44
p107a⁷ 8
107a ² 9

175 634
211 ⁴370
112a ⁷ 52

175 634
214 ¹300

175 634
215 ⁴293

THE SPRINGFIELD CONSOLIDATED RAILWAY COMPANY

*v.*

LIBBY HOEFFNER.

*Opinion filed October 24, 1898.*

1. INSTRUCTIONS—*instruction based upon particular hypothesis must contain all essential elements.* An instruction, based upon some particular hypothesis warranted by the evidence, which undertakes to summarize the elements essential to a recovery upon that theory, satisfies requirements of the law if it omits no essential element.

2. SAME—*application of rule making instruction vicious which omits an essential element.* The rule that an instruction which purports to summarize the elements essential to a recovery is vicious if it fails in some important particular, does not apply to an instruction which merely fails to embody evidence tending to establish a distinctly antagonistic theory.

3. DAMAGES—*amount of damages is largely left to the discretion of the jury.* The amount of damages sustained by the plaintiff in a personal injury case must necessarily be left to the sound discretion and judgment of the jury, based upon the evidence in the case, viewed in the light of their general knowledge and experience.

4. STREET RAILWAYS—*getting on or off moving street car is not negligence per se.* Getting on or off a slowly moving street car is not negligence *per se*, that question being one of fact, which must necessarily be left to the jury, to be determined by them from all the facts and circumstances in the case.

5. SAME—*car must be stopped a reasonable time to enable passengers to get off.* Street cars must be stopped a reasonable time to enable passengers to get on or off, and whether the time allowed in a particular case was reasonable is a question for the jury.

6. SAME—*suddenly starting car while passenger is getting off is negligence.* Suddenly starting a street car while a passenger is getting off is negligence, if the servants in charge of the car knew, or in the exercise of ordinary care could have known, that such person was in the act of alighting.

7. EVIDENCE—*when declarations are part of the res gestœ.* In an action for personal injury received in getting off a street car, testimony that the plaintiff answered "Yes" to the question whether she was hurt, asked by the witness upon reaching her immediately after she fell, is competent as part of the *res gestœ.*

8. PLEADING—*misnomer can only be pleaded in abatement.* An objection of misnomer of the plaintiff can only be pleaded in abatement, and is not ground for setting aside the verdict to enable the defendant to withdraw the general issue and plead misnomer, and particularly so where the plaintiff is known by the name used.

*Springfield Consolidated Ry. Co.* v. *Hoeffner,* 71 Ill. App. 162, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This is an action on the case for a personal injury, brought by the appellee against the appellant company. Plea of the general issue was filed; and the trial in the circuit court before the judge and a jury resulted in a verdict in favor of the appellee. Judgment was rendered upon the verdict. An appeal was taken to the Appellate Court, and the judgment of the circuit court has been affirmed. The present appeal is taken from such judgment of affirmance.

The facts are substantially as follows: On the evening of September 27, 1895, the appellee, and her brother-in-law, one John H. Hoeffner, together attended a show on exhibition at the Springfield fair grounds. About half-past nine o'clock, they there took an open trailer, following and attached to a closed car of the defendant company, used as a motor, to return. When the conductor came to the appellee to collect her fare, she notified him, that she wished to get off at the crossing of Ninth and Reynolds streets in Springfield, and requested him to stop the car there to enable her to do so; and again, when about four blocks from that crossing, she told the conductor, in reply to a question from him, that she desired to get off at the corner of Ninth and Reynolds

streets. On reaching the crossing, the speed of the train was slackened so that it was traveling very slowly. Her brother-in-law alighted on the north side of the street, the cars going south.    As the cars continued to slacken their gait and go more slowly, she arose, and prepared to alight when the car should stop on the other side of the crossing. She stood with one foot on the car and the other on the foot-board, and was holding on to the brass arm of the seat.    While she was in this position, and while it seemed that the car was about to stop and she was about to alight, the car, without stopping, started forward with a sudden and violent jerk, breaking her hold and throwing her upon her back so as to cause the injuries complained of, the most serious of which was to her spine.    Her brother-in-law came up to her at once and asked if she was hurt, to which she answered "yes." It was with difficulty that she reached her home about four blocks distant, where she immediately went to bed, and sent for her family physician, who came at about eleven o'clock, and upon examination ascertained, and on the trial testified, that she was seriously hurt.

Wilson & Warren, and Palmer, Shutt, Drennan & Lester, for appellant.

E. E. Bone, and Orendorff & Patton, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

*First*—The first complaint made by counsel for appellant in their brief is that the first instruction given on behalf of the appellee by the trial court was erroneous. The instruction thus complained of is as follows:

"The court instructs the jury, that if you believe, from all the evidence in this case, that the plaintiff became and was a passenger upon a car of defendant, and that her fare was paid to the conductor, and that the plain-

tiff gave to the conductor on such car reasonable notice of her desire to get off of said car at the corner of Ninth and Reynolds streets, as alleged in her declaration, it then and there became and was defendant's duty to stop said car at said place, upon arriving at the same, a sufficient length of time to enable plaintiff to alight therefrom in safety; and if the jury further believe, from all the evidence, that the defendant thereafter ran its said car to the said corner of Ninth and Reynolds streets, and was then and there in the act of slowing up or stopping said car, and that the plaintiff was then and there exercising all due care and caution for her own safety, and that while so exercising said care and caution she was preparing to alight from said car when it should come to a stop, and that such act or acts by her of preparing to alight at the time, under all the circumstances and in the manner shown by the evidence, were not negligence or carelessness on her part, and that the defendant then and there did not so stop the said car as that the plaintiff could safely alight therefrom, but suddenly started said car in such manner that it thereby then and there threw the plaintiff to the ground, and that such starting of the car was negligence on the part of the defendant, and that the plaintiff was thereby injured as charged in her declaration, and that plaintiff was during all the time in the exercise of due care and caution for her own safety, then the defendant would be liable to the plaintiff for such injury, and in such case you will find for the plaintiff."

The first objection made to this instruction is upon the alleged ground, that it attempts to sum up all the facts in behalf of the appellee which the evidence tends to prove, and omits all the facts which the evidence tends to prove in behalf of appellant. In other words, appellant's counsel invoke against the correctness of the instruction the rule, frequently announced by this court, that an instruction is erroneous, which sums up all, or

a part of, the facts the evidence tends to prove on one side, and omits all on the other. Such an instruction is regarded as calculated to mislead the jury, inasmuch as it tends to impress upon their minds, that the facts recited are the only ones that are important in the case. (*Pennsylvania Co.* v. *Stoelke*, 104 Ill. 201). While the rule thus laid down is undoubtedly correct, yet the doctrine, which holds an instruction vicious, when it attempts to summarize the facts or elements in a case essential to a recovery, but fails in some important particular, does not apply to an instruction, which merely fails to embody in it evidence tending to establish a distinct antagonistic theory. "All the law requires is, that an instruction, based upon some particular hypothesis warranted by the evidence, which undertakes to summarize the elements in the cause essential to a recovery upon that theory, must not omit any essential matter." (*City of Chicago* v. *Schmidt*, 107 Ill. 186). In *Terre Haute and Indianapolis Railroad Co.* v. *Eggmann*, 159 Ill. 550, we said: "This court has frequently criticised the practice of giving instructions thus summarizing the case. It has, however, never held such an instruction to be reversible error when it embraced all the elements essential to a recovery, omitting nothing material." We are of the opinion that the first instruction given for the appellee is not liable to the charge thus made against it.

The particular respect, in which the instruction is urged to be obnoxious to the objection here urged, is said to lie in the fact, that it ignores the evidence, tending to prove that the appellee stepped from the car before it came to a stop. It is said that one ground of defense, set up by the appellant in the court below was, that the plaintiff was guilty of contributory negligence, because she stepped off the car while it was moving. It has been held by this court, that it is not negligence *per se* for a passenger to board or alight from a street car, operated by horse power, while it is in motion; (*North Chicago Street*

*Railroad Co.* v. *Williams,* 140 Ill. 275); also, that it is not negligence *per se* for a passenger to board or alight from a street car, propelled by electricity, while it is in motion; (*Cicero Street Railway Co.* v. *Meixner,* 160 Ill. 320); also, that it is not negligence *per se* for a passenger to get on or off a moving street car, whose motive power is a cable. (*North Chicago Street Railroad Co.* v. *Wiswell,* 168 Ill. 613). In all such cases of getting on or off street cars, while they are in motion, whether such cars are propelled by horse power, electricity, or cable, the question, whether or not the passenger has used due care for his safety, or whether or not he has been guilty of contributory negligence, is a question of fact to be submitted to the jury, and to be determined by them from the circumstances surrounding the case.

The first instruction here complained of told the jury, that they must believe from all the evidence that the appellant ran its street car to the corner of Ninth and Reynolds streets and was then and there in the act of slackening up or stopping said car, and that the appellee was then and there exercising all due care and caution for her own safety, and that, while so exercising said care and caution, she was preparing to alight from said car when it should come to a stop, and that such act or acts by her of preparing to alight at the time, under all the circumstances and in the manner shown by the evidence, were not negligence or carelessness on her part, etc.    It thus appears, by reference to the instruction itself, that it does not ignore the fact, that the car was in motion when appellee attempted to alight, but leaves it to the jury to determine whether, in making such an attempt on her part, she was exercising due care for her own safety.

The first instruction stated the law with substantial correctness. In *Chicago City Railway Co.* v. *Mumford,* 97 Ill. 560, where a person on a street car told the driver the place where he desired to get off, and was notified

by the driver that they had reached that place, and when he was in the act of stepping off, the car started up with a sudden jerk which threw him upon the ground, inflicting a serious injury, it was held that this was a clear act of negligence on the part of the railroad company; that it was the duty of the company to have stopped the car a sufficient time to allow the passenger to get off, and that, even if the car was stopped at the proper place, it was negligence to start it with a sudden jerk without the exercise of any precaution for the safety of those attempting to get off. In the *Mumford case*, it was also held that, when the driver of a street car had been notified that a passenger desired to get off at a certain place, and had agreed to stop at such place, an instruction telling the jury, that, if the passenger, when near the place named, undertook to get off the car while it was going slowly, the driver having no notice of his intention, he could not recover for a personal injury, although the car started forward as he was stepping off, and threw him to the ground, was properly refused. Street car companies are obliged to stop a reasonable time to allow passengers to get on or off the car, and the question of what is a reasonable time is in every case a question for the jury. If the manager of a car sees, or ought in the exercise of reasonable care to see, that a passenger is in the act of getting on or off the car, it is negligence on the part of the company if he starts the car suddenly. (Crosswell's Law Relating to Electricity, secs. 723, 724).

It is furthermore said, that one of the defenses, made by the appellant below, was, that the appellee was not shown by the testimony to have been riding upon one of the defendant's cars. This contention is based upon the fact, that the plaintiff speaks of the appellant company as the "Consolidated Street Railway Company," and her brother-in-law speaks of it as the "Springfield Consolidated Railway," whereas its real name is the "Springfield Consolidated Railway Company." Technical accuracy as

to the proof of the name of a corporation is not required. (16 Am. & Eng. Ency. of Law, p. 136; *Chadsey* v. *McCreery*, 27 Ill. 253). It was a question of fact whether or not the appellee was a passenger upon a car of the defendant, and this question of fact was expressly submitted to the jury by the first instruction given for appellee.

It is claimed, that the first instruction is defective, because it requires the jury to make their findings from all the evidence, instead of making them from a preponderance of the evidence. This objection is without force. It is true, that the plaintiff, in order to recover in an action of this kind, must prove, by a preponderance of the evidence, that such plaintiff was in the exercise of ordinary care, and that the defendant was guilty of such negligence as contributed to the accident. Instructions were given by the court for the appellant, which expressly required the jury to find these facts from a preponderance of the evidence, before the appellee would be entitled to recover. It is sufficient, that the attention of the jury was called to the question of establishing the case by a preponderance of the evidence in the instructions given for the defendant, without referring to the subject in the first instruction given for the appellee.

It is also objected to the first instruction, that it assumes that the notice, given by the appellee to the manager of the street car to stop at a certain crossing, was a reasonable notice. The instruction makes no such assumption; it requires the jury to find that the plaintiff gave to the conductor reasonable notice of her desire to get off. This left the jury to determine whether the notice was reasonable or not.

*Second*—It is urged by counsel for appellant that the fourth instruction given on behalf of the appellee was erroneous. The fourth instruction thus complained of is as follows:

"The court instructs the jury, that if, under the evidence and instructions of the court, you find the defend-

ant guilty, then, in assessing the plaintiff's damages, if
any such damages as are alleged in her declaration are
proved, you have a right to take into consideration the
nature, extent and character of the injury sustained by
her, so far as the same is shown by the evidence, if any
such are so shown, the pain and suffering undergone by
her in consequence of such injury, if any such is shown
by the evidence, and assess damages in such sum as in
your judgment will compensate the plaintiff for such in-
jury and pain and suffering."

It is said that this instruction is wrong, because it
leaves it to the jury "to assess the damages in such sum
as in your judgment will compensate the plaintiff for
such injury and pain and suffering." The contention is,
that the jury could assess such damages only as the evi-
dence warranted, and that, by authorizing them to fix
such damages as in their judgment would compensate
the plaintiff, they were allowed "to roam at will," and
to proceed without any regard to the evidence. The in-
struction is not, in our opinion, objectionable in the re-
spect here indicated. An instruction is not wrong, which
tells the jury that, in making an estimate of damages,
they shall exercise their judgment upon the facts in
proof by connecting them with their own knowledge and
experience, where the reference is to their general knowl-
edge, "which they are supposed to possess in common
with the generality of mankind." They are authorized to
test the truth and weight of the evidence by their knowl-
edge and judgment derived from experience, observa-
tion and reflection. (*City of Chicago* v. *Major*, 18 Ill. 349;
*Ottawa Gas Light and Coke Co.* v. *Graham*, 28 id. 73.) Where
an instruction, in an action for damages for a personal
injury, authorized the jury to award such reasonable sum
as would compensate the plaintiff for the impairment of
his power to earn money in the future, and such reason-
able sum as would compensate him for the pain and an-
guish suffered by reason of his injury, it was held that

these elements were, from necessity, left to the sound discretion of the jury. (*Illinois Central Railroad Co.* v. *Cole*, 165 Ill. 334; *Baltimore and Ohio Southwestern Railway Co.* v. *Then*, 159 id. 535; *West Chicago Street Railroad Co.* v. *Carr*, 170 id. 478). Damages for such injuries, as are named in the fourth instruction, must necessarily be left to the sound discretion and judgment of the jury, basing their exercise of such discretion and judgment upon the evidence in the case, and bringing to bear on such evidence their general knowledge and experience as business men.

*Third*—It is said that the trial court erred in admitting the declaration of the appellee that she was hurt, in answer to a question from her brother-in-law. Hoeffner, her brother-in-law, when upon the stand, was asked the following question: "You may state what happened after she was thrown to the ground," and he answered: "I walked up to her and asked her if she was hurt, and she says, yes." Hoeffner had just alighted from the car, and came up to the appellee as she was thrown to the ground. The question addressed to her was so near the time of the injury, that her answer thereto may be regarded as a part of the *res gestœ.* We have recently commented upon this character of proof in the two cases of *West Chicago Street Railroad Co.* v. *Carr, supra,* and *West Chicago Street Railroad Co.* v. *Kennelly,* 170 Ill. 508. The rule laid down in these cases is, that declarations as to the pain and suffering of the injured party, when made by such party, are only competent if made at the time of the injury so as to constitute a part of the *res gestœ,* or when made to a physician during treatment. The answer of the appellee to her brother-in-law's question in this case comes within the rule laid down in the cases referred to, so as not to be incompetent testimony.

*Fourth*—Upon the cross-examination of the appellee, it was developed that her real name was Libby Beale, instead of Libby Hoeffner, although she had taken the name of Libby Hoeffner and been known by that name

for some time.    After the jury had returned their verdict, the defendant entered its motion to suspend further proceedings in the case, and for leave to withdraw the plea of the general issue, and to file a plea of misnomer. This motion was denied, and its denial is assigned as error.    There was no error in the action of the court in this regard.    The objection to the prosecution of the suit by the plaintiff in the name of Libby Hoeffner should have been raised by a plea in abatement.    The general rule is, that a misnomer of the plaintiff can only be pleaded in abatement, and is no ground for setting aside the proceedings.    (16 Am. & Eng. Ency. of Law, p. 129; 1 Chitty's Pl. *248, *451; *Salisbury* v. *Gillett*, 2 Scam. 290; *Moss* v. *Flint*, 13 Ill. 570).    Moreover, the evidence shows, that the appellee had gone by the name of Libby Hoeffner ever since 1889.    Therefore, if a plea in abatement had been filed, a sufficient replication thereto would have been, that the appellee was as well known by the name of Libby Hoeffner, as by the name of Libby Beale.    (16 Am. & Eng. Ency. of Law, p. 430; *Schoonhoven* v. *Gott*, 20 Ill. 46; *Lucas* v. *Farrington*, 21 id. 31).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*