## Chicago & Joliet Electric Railway Company v. Zoie Lloyd.

### Gen. No. 4,676.

1. NEGLIGENCE PER SE—*what not.* It is not negligence *per se* for a passenger to alight from a moving street car.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

E. MEERS, for appellant.

DONAHOE, McNAUGHTON & McKEOWN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in case commenced by the appellee in the Circuit Court of Will county to recover for injuries alleged to have been sustained by appellee while alighting from one of the appellant's street cars at the intersection of Collins and Liberty streets in the city of Joliet. The declaration contains three counts; the first, on motion of appellant, the jury was instructed to disregard; the second count averred that appellant so carelessly and negligently managed, controlled and operated its street railway car, that the plaintiff in alighting therefrom was thrown off and from the car and injured; the third count averred that it was the duty of appellant on the arrival of its car at the street intersection to give appellee an opportunity to alight in safety, and to stop its car and allow it to remain standing long enough to give her a reasonable opportunity to alight in safety; that appellant did not regard such duty and after its car had been stopped at such intersection, negligently started the same whereby appellee was thrown off and from the car and injured.

Both counts aver that appellee was in the exercise of ordinary care for her own safety at the time of attempting to alight from the car. Appellant filed the general issue, and the case was submitted to a jury, which returned a verdict for $500 against appellant. A motion for a new trial was overruled, a judgment entered on the verdict, and this appeal is taken to review such judgment.

No objection is urged to the introduction or rejection of evidence, and the only error relied on is the refusal of the trial court to instruct the jury that under the second and third counts the appellant was not guilty. Appellant's theory of the case was that appellee attempted to get off a moving car and that her act in so doing contributed to the injury.

The evidence shows that appellee was a passenger on appellant's car and desired to get off at the north line of Liberty street as the car was going north on Collins street. There was considerable evidence touching the question whether or not the car made one or two stops at this point. The appellant contended that the car never came to a *full stop* till after the appellee had been thrown on to the ground and injured. Appellee testified that she gave the signal for the car to stop and went to the rear platform to get off, that the car either came to a full stop or was running so slowly that she could not tell that it was moving; that she stepped down onto the car step on the east side of the car, took hold of the rail on the front end of the rear platform with her left hand, and as she went to alight the car gave a sudden jerk, throwing her against the car and from the car to the street. She was picked up in an unconscious condition, carried into a neighboring drug store and from there to her home. She testified that as she attempted to alight the car had passed the north line of Liberty street where she wished to get off. The appellee was corroborated by several witnesses.

The appellant called several witnesses, among whom was the conductor who testified that he got the signal from the appellee and stopped his car, but that owing to the rails being slippery it did not stop exactly at the north line of Liberty street; that appellee came out on the rear platform before the car stopped, and that he told her to "wait till it stopped;" that she stepped down onto the step and off the platform while the car was still slowly moving, took two or three steps backward and fell; that the car stopped once only.

There was a conflict of evidence as to whether or not the car stopped once or twice and as to whether it started up with a jerk. Even if the car did not come to a complete stop when the appellee attempted to alight, we cannot say as a matter of law that she cannot recover. It has been held that a passenger is not guilty of negligence *per se* in alighting from a moving street car, and this car may have come so near to a stop that it was an invitation to appellee to alight. In Cicero Street Ry. Co. v. Meixner, 160 Ill. 320, the court said: "The rule as applicable to steam railways is relaxed when applied to horse cars or street railways. (Terre Haute, etc., Railroad Co. v. Buck, 96 Ind. 346; Stoner v. Pennsylvania Co., 98 id. 384.) Beach on Contributory Negligence (sec. 90) says: 'It is well settled that it is not contributory negligence *per se* for one to alight from or board a moving street car, and here again we find the severity of the rule as applicable to steam railways essentially relaxed.' Booth on Street Railway Law (sec. 336) lays down the same rule in the following language: 'Although the act of boarding a car while in motion is always attended with some risks, the rules applicable to persons entering cars operated by steam are not usually applied with the same strictness to street railways operated by horse power. It is a general rule established by numerous decisions, that if a person who has the free use of his faculties and limbs has given proper notice of his desire to be

taken up, and the speed of the car has been slackened in the usual manner, it is not negligence *per se* to attempt to get on while it is moving slowly, and that if a person is injured under such circumstances the question of his contributory negligence is ordinarily one of fact for the jury. The doctrine is established in nearly all of the states where the question has arisen, that it is not negligence *per se* for a passenger to board or alight from a street car operated by horse-power, and the question of contributory negligence is one of fact for the jury.' " In Springfield Ry. Co. v. Hoeffner, 175 Ill. 634, the same principle was again enunciated in the following language: "It has been held by this court, that it is not negligence *per se* for a passenger to board or alight from a street car, operated by horse-power, while it is in motion (North Chicago Street Railroad Co. v. Williams, 140 Ill. 275); also, that it is not negligence *per se* for a passenger to board or alight from a street car, propelled by electricity, while it is in motion (Cicero Street Railway Co. v. Meixner, 160 Ill. 320); also that it is not negligence *per se* for a passenger to get on or off a moving street car, whose motive power is a cable (North Chicago Street Railroad Co. v. Wiswell, 168 Ill. 613). In all such cases of getting on or off street cars while they are in motion, whether such cars are propelled by horse-power, electricity, or cable, the question, whether or not the passenger has used due care for his safety, or whether or not he has been guilty of contributory negligence, is a question of fact to be submitted to the jury, and to be determined by them from the circumstances surrounding the case."

The only question before us is as to the sufficiency of the evidence to sustain the verdict, and we think it was for the jury to determine from all the evidence whether or not the appellee by her carelessness contributed to her injuries.

The judgment of the court below is affirmed.

*Affirmed.*