470     APPELLATE COURTS OF ILLINOIS.

Crotzer v. Freeport Ry. Light & Power Co., 150 Ill. App. 470.

## John Crotzer, Appellee, v. Freeport Railway Light & Power Company, Appellant.

### Gen. No. 5,205.

1. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* It is not negligence *per se* in Illinois for a passenger to get on or off a slowly moving street car.

2. NEGLIGENCE—*when sudden starting of car constitutes.* If the employes of a traction company in charge of a car knows that a passenger is in the act of alighting or preparing to alight when the car shall reach a proper place for a passenger to alight, then it is negligence suddenly to start the car forward before the passenger has alighted.

Action in case for personal injuries. Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

W. N. CRONKRITE and WITTE & MANUS, for appellant.

LOUIS H. BURRELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case commenced by the appellee in the Circuit Court of Stephenson county to recover for injuries alleged to have been sustained by appellee while alighting from one of appellant's street cars at the intersection of Chicago street and Spring street in the city of Freeport.

There are seven counts in the declaration alleging that the plaintiff was a passenger on one of the cars of the defendant; that plaintiff gave the defendant a reasonable notice of his desire to get off said car at Spring street, and that it was the duty of defendant to stop its car at said place a sufficient length of time to enable plaintiff to alight therefrom in safety, and that defendant slowed up said car and that plaintiff, while in the exercise of due care and caution, was pre-

paring to alight from said car when it should come to a stop; that defendant negligently failed to stop said car and negligently caused the car to be violently started forward, whereby the plaintiff was thrown with great violence off the car and thereby permanently injured, etc.   On a trial before a jury a verdict of $500 was returned against the defendant.   A motion for a new trial was overruled and judgment was rendered on the verdict and the defendant company appeals.

The only questions presented for review are:   First, that the judgment is not supported by the evidence; second, that the trial court erred in the giving of two instructions at the request of appellee.

The evidence shows that appellant's track runs north and south on Chicago street and that half a block south of Spring street appellant's track crosses a railroad known as the Central track, by what is known as a jump crossing—the rails on the railroad track not being cut, so that the street railway car has to jump over them, and because of that fact the car has almost to come to a stop when crossing the railway; that the car upon which appellee was riding was an open car with the seats across the car and what is known as a foot-board or running-board on each side of the car; that there were only six or seven passengers in the car. The evidence on behalf of appellee shows that appellee, after the car crossed the central track, told the conductor that he wanted to get off at Spring street; that the conductor rang the bell and the car slowed up; that when appellee told the conductor he desired to get off he took his dinner bucket and stepped out on the running board and while he was standing on the running board the car had arrived at near the north side of Spring street; that the car suddenly started forward and appellee was thrown to the ground and his ankle sprained and some of the ligaments torn.   There was evidence corroborating appellee given by two other witnesses.   The evidence on the part of appellant shows that the appellee got off while the car was slowing up and before the car was

472    APPELLATE COURTS OF ILLINOIS.

Crotzer v. Freeport Ry. Light & Power Co., 150 Ill. App. 470.

started forward by the motorman, and that appellee was injured in attempting to get out of the way of an approaching automobile. The evidence was conflicting as to whether appellee was thrown off the car or just jumped off. Appellant contends that appellee was negligent in preparing to alight from the car before it had come to a stop. It is not negligence *per se* in Illinois for a passenger to get on or off a slowly moving street car. If the employes of appellant in charge of the car knew that appellee was in the act of alighting or preparing to alight when the car should reach the proper place for a passenger to alight, then it would be negligence to suddenly start the car forward before the passenger had alighted. Peterson v. Chicago Traction Co., 231 Ill. 324; Springfield Railway Co. v. Hoeffner, 175 Ill. 634; Chicago City Ry. Co. v. Lowitz, 218 Ill. 24; N. Chicago Street Ry. Co. v. Williams, 140 Ill. 275; Cicero & Proviso St. Ry. Co. v. Meixner, 160 Ill. 320; North Chicago Street Ry. Co. v. Wiswell, 168 Ill. 613; C. & J. El. Ry. Co. v. Lloyd, 129 Ill. App. 156. It was for the jury to determine from all the evidence whether appellee's injuries were caused by the negligence of appellant and whether or not the appellee, by his own carelessness, contributed to his injury. We would not be justified in interfering with the verdict of the jury in the conflicting state of the evidence.

The two instructions given on behalf of the appellee of which the appellant complains are substantially duplicates, though in different language, and in substance are: That if the jury believed from the evidence the plaintiff was a passenger upon a car of the company and that appellee gave the conductor reasonable notice of his desire to get off the car at Spring street, and while attempting to alight from the car in the exercise of due care for his own safety he was injured by reason of negligence of the appellant, if you believe from the evidence such negligence has been proved as set forth in the appellee's declaration, then the appellee is entitled to recover. An instruction in the precise language of the second was ap-

proved in Springfield Ry. Co. v. Hoeffner, 175 Ill. 634. The other instruction of which complaint is made simply sets forth the same propositions of law as are contained in the second, but not so concisely. The court might have refused the third instruction as a duplicate of the second, but there were only three instructions given for the appellee and ten were given for the appellant, some of which were duplicates. We find no reversible error in the case and the judgment is therefore affirmed.

*Affirmed.*